# EXHIBIT

144 S.Ct. 1173
Supreme Court of the United States.

Wendy SMITH, et al., Petitioners

v.

Keith SPIZZIRRI, et al.

No. 22-1218
|
Argued April 22, 2024
|
Decided May 16, 2024

**Synopsis**

**Background:** Current and former employees who worked as delivery drivers brought action in state court against employer, an on-demand delivery service, for allegedly violating state and federal employment laws by, among other things, misclassifying them as independent contractors, failing to pay them required minimum and overtime wages, and failing to provide paid sick leave. Following removal, the United States District Court for the District of Arizona, G. Murray Snow, Chief Judge, 2022 WL 2191931, granted employer's motion to compel arbitration under the Federal Arbitration Act (FAA) and to dismiss.

Employees appealed. The United States Court of Appeals for the Ninth Circuit, Bennett, Circuit Judge, 62 F.4th 1201, affirmed, holding that under the FAA, the district court could dismiss rather than stay suit after determining all claims were subject to arbitration. The Supreme Court granted certiorari.

In a unanimous opinion, the Supreme Court, Justice Sotomayor, held that when a federal court finds that a dispute is subject to arbitration and a party has requested a stay of the court proceeding pending arbitration, the FAA compels the court to stay the proceeding; abrogating *Green v. SuperShuttle Int'l, Inc.*, 653 F. 3d 766, *Bercovitch v. Baldwin School, Inc.*, 133 F. 3d 141, *Alford v. Dean Witter Reynolds, Inc.*, 975 F. 2d 1161, and *Sparling v. Hoffman Constr. Co.*, 864 F. 2d 635.

Reversed and remanded.

**Procedural Posture(s):** Petition for Writ of Certiorari; On Appeal; Motion for Stay; Motion to Compel Arbitration.

**\*1174** *Syllabus*[*]

The Federal Arbitration Act (FAA) sets forth procedures for enforcing arbitration agreements in federal court. Section 3 of the FAA, entitled "Stay of proceedings where issue therein referable to arbitration," provides that when a dispute is subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. In this case, petitioners filed suit against respondents in state court alleging violations of federal and state employment laws. Respondents then removed to federal court and filed a motion to compel arbitration and dismiss the suit. Petitioners agreed their claims were arbitrable, but contended that § 3 of the FAA required the District Court to stay the action pending arbitration rather than dismissing it entirely. The District Court issued an order compelling arbitration and dismissed the case without prejudice. The Ninth Circuit affirmed.

Smith v. Spizzirri, 144 S.Ct. 1173 (2024)
2024 Daily Journal D.A.R. 4114

*Held*: When a district court finds that a lawsuit involves an arbitrable dispute and a party has requested a stay of the court proceeding pending arbitration, § 3 compels the court to issue a stay, and the court lacks discretion to dismiss the suit. Statutory text, structure, and purpose all point to this conclusion. The plain text of § 3 requires a court to stay the proceeding upon request. The statute's use of the word "shall" "creates an obligation impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62. The obligation is to "stay" the proceeding. Respondents insist that "stay" "means only that the court must stop parallel in-court litigation, which a court may achieve by dismissing," Brief for Respondents 15, but respondents' reading disregards the long-established legal meaning of the word "stay" as a "temporary suspension" of legal proceedings. And respondents' attempt to read "stay" to include "dismiss" cannot be squared with the surrounding statutory text, which anticipates that the parties can return to federal court if arbitration breaks down or fails to resolve the dispute. Notwithstanding § 3's text, respondents suggest that district courts retain the inherent authority to dismiss proceedings subject to arbitration. But even assuming such inherent authority, "the inherent powers of the courts may be controlled or overridden by statute or rule," *Degen v. United States*, 517 U.S. 820, 823, 116 S.Ct. 1777, 135 L.Ed.2d 102, and § 3 does exactly that.

The FAA's structure and purpose confirm that a stay is required. Section 16(a)(1)(C) of the FAA authorizes an immediate interlocutory appeal of the denial of an arbitration request. By contrast, Congress made clear in § 16(b) that, outside of a narrow exception not applicable here, an order compelling arbitration is not immediately appealable. If a district court could dismiss a suit subject to arbitration even when a party requests a stay, that dismissal would trigger the right to an immediate appeal where Congress sought to forbid such an appeal. Finally, staying rather than dismissing a suit comports with the supervisory role that the FAA envisions for the courts. Keeping the suit on the court's docket makes good sense in light of the FAA's mechanisms for courts with proper jurisdiction to assist parties in arbitration. Pp. 1176 – 1178.

62 F.4th 1201, reversed and remanded.

SOTOMAYOR, J., delivered the opinion for a unanimous Court.

**Attorneys and Law Firms**

Nicholas J. Enoch, Clara S. Bustamante, Morgan L. Bigelow, Lubin & Enoch, P.C., Phoenix, AZ, Angela M. Oliver, Haynes and Boone, LLP, Washington, DC, Daniel L. Geyser, Counsel of Record, Chance Fletcher, Haynes and Boone, LLP, Dallas, TX, for Petitioners.

Laurent R.G. Badoux, Littler Mendelson P.C., Phoenix, AZ, Jeremy R. Peterman, Orrick, Herrington & Sutcliffe LLP, Seattle, WA, E. Joshua Rosenkranz, Counsel of Record, Thomas M. Bondy, Jodie C. Liu, Melanie R. Hallums, Duncan Hosie, Orrick, Herrington & Sutcliffe LLP, New York, NY, Counsel for Respondents.

**Opinion**

Justice SOTOMAYOR delivered the opinion of the Court.

 **\*1175**  The Federal Arbitration Act (FAA) sets forth procedures for enforcing arbitration agreements in federal court. Section 3 of the FAA specifies that, when a dispute is subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until [the] arbitration" has concluded. 9 U.S.C. § 3. The question here is whether § 3 permits a court to dismiss the case instead of issuing a stay when the dispute is subject to arbitration and a party requests a stay pending arbitration. It does not.

I

Petitioners are current and former delivery drivers for an on-demand delivery service operated by respondents. They sued respondents in Arizona state court, alleging violations of federal and state employment laws. Petitioners claimed that respondents misclassified them as independent contractors, failed to pay required minimum and overtime wages, and failed to provide paid sick leave. After removing the case to federal court, respondents moved to compel arbitration and dismiss the suit. Petitioners conceded that all of **\*1176** their claims were arbitrable, but they argued that § 3 of the FAA required the District Court to stay the action pending arbitration rather than dismissing it entirely.

The District Court issued an order compelling arbitration and dismissing the case without prejudice. The court noted that "the text of 9 U.S.C. § 3 suggests that the action should be stayed," but that Circuit precedent "instructed that 'notwithstanding the language of § 3, a district court may either stay the action or dismiss it outright when, ... the court determines that all of the claims raised in the action are subject to arbitration.' " *Forrest v. Spizzirri*, 2022 WL 2191931, \*1 (D Ariz., June 17, 2022) (quoting *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (CA9 2014)). Because "all claims raised [were] subject to arbitration," the District Court concluded that it "retain[ed] discretion to dismiss the action." 2022 WL 2191931, \*1.

The Ninth Circuit affirmed. While that court likewise acknowledged that "the plain text of the FAA appears to mandate a stay," the court explained that it was bound by Circuit precedent recognizing the District Court's "discretion to dismiss." *Forrest v. Spizzirri*, 62 F.4th 1201, 1203, 1205 (2023). Judge Graber, joined by Judge Desai, concurred, asserting that the Ninth Circuit's position was wrong and urging this Court "to take up this question, which it has sidestepped previously, and on which the courts of appeals are divided." *Id.*, at 1206 (citation omitted).

This Court granted certiorari to answer the question it previously left open and resolve the Circuit split. [1] 601 U. S. ——, 144 S.Ct. 680, 217 L.Ed.2d 341 (2024).

## II

In this statutory interpretation case, text, structure, and purpose all point to the same conclusion: When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration. [2]

**\*1177** Section 3 of the FAA, entitled "Stay of proceedings where issue therein referable to arbitration," provides that, when any issue in a suit is subject to arbitration, the court

> "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

Here, as in other contexts, the use of the word "shall" "creates an obligation impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998). That plain statutory text requires a court to stay the proceeding. See *Maine Community Health Options v. United States*, 590 U.S. 296, 310, 140 S.Ct. 1308, 206 L.Ed.2d 764 (2020) (" 'Unlike the word "may," which implies discretion, the word "shall" usually connotes a requirement' "). Indeed, this Court previously noted that the use of "shall" in neighboring sections of the FAA created a mandatory obligation that left "no place for the exercise of discretion by a district court." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) (discussing §§ 2–4 and explaining that the FAA "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed"). The same is true here. When § 3 says that a court "shall ... stay" the proceeding, the court must do so.

Just as "shall" means "shall," "stay" means "stay." Respondents insist that "stay" in § 3 "means only that the court must stop parallel in-court litigation, which a court may achieve by dismissing without retaining jurisdiction." Brief for Respondents 15. There are, however, two significant problems with that reading. First, it disregards the long-established legal meaning of the word "stay." Even at the time of the enactment of the FAA, that term denoted the "temporary suspension" of legal proceedings, not the conclusive termination of such proceedings. Black's Law Dictionary 1109 (2d ed. 1910) ("Stay of proceedings"). Second, respondents' attempt to read "stay" to include "dismiss" cannot be squared with the surrounding statutory text. By directing a court to stay the proceeding "until such arbitration has been had in accordance with the terms of the agreement," and only so long as "the applicant ... is not in default in proceeding with the arbitration," § 3 ensures that the parties can return to federal court if arbitration breaks down or fails to resolve the dispute. That return ticket is not available if the court dismisses the suit rather than staying it. [3]

Respondents also suggest that, notwithstanding the statutory language, district courts retain inherent authority to dismiss proceedings subject to arbitration. This attempt to evade the plain meaning of the text also falls short. Even assuming district courts have this inherent authority, "the inherent powers of the courts may be **\*1178** controlled or overridden by statute or rule." *Degen v. United States*, 517 U.S. 820, 823, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996). Section 3 does exactly that. It overrides any discretion a district court might otherwise have had to dismiss a suit when the parties have agreed to arbitration.

If there were any doubt, the FAA's structure and purpose confirm that a stay is required. When a court denies a request for arbitration, § 16 of the FAA authorizes an immediate interlocutory appeal. See 9 U.S.C. § 16(a)(1)(C). When a court compels arbitration, by contrast, Congress made clear that, absent certification of a controlling question of law by the district court under 28 U.S.C. § 1292(b), the order compelling arbitration is not immediately appealable. See 9 U.S.C. § 16(b). The choice to "provid[e] for immediate interlocutory appeals of orders *denying*—but not of orders *granting*—motions to compel arbitration," *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740, 143 S.Ct. 1915, 216 L.Ed.2d 671 (2023), is consistent with Congress's purpose in the FAA "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible," *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 22, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). If a district court dismisses a suit subject to arbitration even when a party requests a stay, that dismissal triggers the right to an immediate appeal where Congress sought to forbid such an appeal.

Finally, staying rather than dismissing a suit comports with the supervisory role that the FAA envisions for the courts. The FAA provides mechanisms for courts with proper jurisdiction to assist parties in arbitration by, for example, appointing an arbitrator, see 9 U.S.C. § 5; enforcing subpoenas issued by arbitrators to compel testimony or produce evidence, see § 7; and facilitating recovery on an arbitral award, see § 9. Keeping the suit on the court's docket makes good sense in light of this potential ongoing role, and it avoids costs and complications that might arise if a party were required to bring a new suit and pay a new filing fee to invoke the FAA's procedural protections. District courts can, of course, adopt practices to minimize any administrative burden caused by the stays that § 3 requires.

\* \* \*

When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding. The contrary judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

**All Citations**

144 S.Ct. 1173, 2024 Daily Journal D.A.R. 4114

**Footnotes**

\*    The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States v. Detroit Timber & Lumber Co.*, 200 U.S. 321, 337, 26 S.Ct. 282, 50 L.Ed. 499.

1    This Court has previously reserved the question presented by this case. See *Green Tree Financial Corp.-Ala. v. Randolph*, 531 U.S. 79, 87, n. 2, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) ("Had the District Court entered a stay instead of a dismissal in this case, that order would not be appealable.... The question whether the District Court should have taken that course is not before us, and we do not address it"); see also *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 181, n. 1, 139 S.Ct. 1407, 203 L.Ed.2d 636 (2019) (noting that the Court reserved this question in *Randolph* and that it remained unanswered).

The split on the question has since deepened. Compare *Arabian Motors Group W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 941–943 (CA6 2021) (reading § 3 to mandate a stay when all claims are subject to arbitration and a party properly requests a stay); *Katz v. Cellco Partnership*, 794 F.3d 341, 345–347 (CA2 2015) (same); *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269–271 (CA3 2004) (same); *Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (CA10 1994) (same); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (CA11 1992) (*per curiam*) (same); *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (CA7 2008) (reaching the same conclusion even where no party requested a stay), with *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769–770 (CA8 2011) (recognizing a district court's discretion to dismiss, rather than stay, action where all of the issues are subject to arbitration); *Bercovitch v. Baldwin School, Inc.*, 133 F.3d 141, 156, n. 21 (CA1 1998) (same); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (CA5 1992) (same); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 637–638 (CA9 1988) (same).

2    That is not to say that the court is barred from dismissing the suit if there is a separate reason to dismiss, unrelated to the fact that an issue in the case is subject to arbitration. If, for example, the court lacks jurisdiction, § 3 is no bar to dismissing on that basis. See *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) (observing that "[t]he district courts of the United States ... are 'courts of limited jurisdiction' " and " 'possess only that power authorized by Constitution and statute' ").

3    It is no answer to say, as respondents do, that a party can file a new suit in federal court in those circumstances. Even if that is true as a practical matter, but see *Green*, 653 F.3d at 770 (flagging potential statute-of-limitations problem), requiring a party to file a new suit ignores the plain text of § 3.

---

**End of Document**    © 2024 Thomson Reuters. No claim to original U.S. Government Works.